ENDORSED
Fourth Judicial District Court
San Miguel, Mora & Guadalupe

AUG 8 2011

Fred A. Sena
BLC
Deputy Clerk

COPY

STATE OF NEW MEXICO
COUNTY OF GUADALUPE
FOURTH JUDICIAL DISTRICT COURT

C.J. SCHILLING,

      Plaintiff,

vs.                         No. D-424-CV-2011-52

CROT TRANSPORT INC., CARLOS
RODRIGUEZ GARCIA, JULIO GARCIA
GONZALES, and ORBIS INSURANCE, a foreign
corporation and non-resident insurance company
doing business in New Mexico,

      Defendants.

## COMPLAINT FOR PERSONAL INJURIES, MONEY DAMAGES AND PUNITIVE DAMAGES

COMES NOW Plaintiff, C.J. Schilling , by and through his counsel of record Will Ferguson & Associates ( Robert C. Gutierrez ) and for his complaint for personal injuries, money damages and punitive damages, states as follows:

### ALLEGATIONS OF JURISDICTION, VENUE AND FACTS COMMON TO ALL COUNTS OF COMPLAINT

1.    Plaintiff is a resident of Santa Rosa, Guadalupe County, New Mexico, is over the age of majority, and is otherwise competent to bring this lawsuit.

2.    The motor vehicle / trucking accident that is the subject of this lawsuit occurred on August 13, 2010 on Interstate 40 in Guadalupe County, New Mexico.

3.    Upon information and belief, Defendant CROT Trucking Inc. is a foreign corporation or company doing business in the County of Guadalupe, State of New Mexico.



EXHIBIT
A

4.     Upon information and belief, Defendant Carlos Rodriguez Garcia is over the age of 18, and is not on active duty in any branch of the United States Military and is the owner and operator of CROT Trucking Inc.

5.     Upon information and belief, Defendant Julio Garcia Gonzales is over the age of 18, and is not on active duty in any branch of the United States Military.

6.     Defendants Carlos Rodriguez Garcia and CROT Trucking Inc. were the owner and operator of a certain subject 2003 Freightliner semi tractor trailer, Florida license plate # TEMP vin # 1FUHJA6CG93LK34579 involved in the subject motor vehicle accident.

7.     On August 13, 2010 Defendant Julio Garcia Gonzales was an employee of the Defendants Carlos Rodriguez Garcia and CROT Trucking Inc. driving the subject 2003 Freightliner semi tractor trailer.

8.     On August 13, 2010 Defendants Carlos Rodriguez Garcia , CROT Trucking Inc.. and Julio Garcia Gonzales were transacting business within New Mexico by using the subject 2003 Freightliner semi tractor trailer for hire for commercial transportation of onions in and across New Mexico, subjecting all Defendants to the laws of New Mexico, including the New Mexico Department of Transportation Rules and Regulations, New Mexico traffic laws and New Mexico insurance requirements.

9.     At all times material hereto ORBIS was the insurance company that provided liability insurance to Defendant Carlos Rodriguez Garcia, Defendant CROT Trucking Inc., and Defendant Julio Garcia Gonzales and the subject 2003 Freightliner semi tractor trailer, Florida license plate # TEMP vin # 1FUHJA6CG93LK34579, pursuant to NMSA §66-5-201 *et seq.* 1978 (2006).

10.     On the afternoon of Friday, August 13, 2010, the Defendant Julio Garcia Gonzales was driving the certain 2003 Freightliner semi tractor trailer, Florida license plate # TEMP, vin # 1FUHJA6CG93LK34579, loaded with onions, east bound on Interstate 40 in Guadalupe County, New Mexico.

11.     While Defendant Julio Garcia Gonzales was driving said 2003 Freightliner semi tractor trailer east bound on I- 40 he experienced a blown tire on the third trailer axle.

12.     At approximately 5:29 pm, on August 13, 2010, New Mexico State Police officer Charles Eiland was dispatched to mile marker 258.5 of I-40 based upon a motorist call of a disabled vehicle.  Officer Eiland found the subject 2003 Freightliner semi tractor trailer broken down next to a section of guard rail with its 4 way flashers on and reflective warning triangles properly placed behind it. The left side tires were about 1 foot into the eastbound lane of travel.

13.     Defendant Julio Garcia Gonzales explained to officer Eiland that he needed roadside service but had no cell.  Officer Eiland arranged through radio dispatch for Big Rig Truck Service in Santa Rosa to come to the scene to assist the Defendant. After telling Defendant Julio Garcia Gonzales that Big Rig would arrive in about 30 minutes, Officer Eiland left the scene.

14.     When Big Rig Truck Service arrived at the scene to assist, ALL Defendants refused the tow because they felt it cost too much, by having Defendant Julio Garcia Gonzales decline the assistance offered by  Big Rig Truck Service   .

15.     After  Big Rig  Truck Service left the scene, ALL Defendants choose to save money over the safety of other motorists  on the freeway, by having Defendant Julio Garcia Gonzales rig up the blown tire axle to the trailer and then intentionally and wrongfully drove the semi tractor trailer on the Interstate in Guadalupe County New Mexico at an unreasonably slow and unsafe speed

in violation of New Mexico's traffic laws and the State of New Mexico Department of Transportation Regulations.

16.     As Defendant Julio Garcia Gonzales was wrongfully driving the subject semi tractor trailer eastbound on the I-40 freeway, the Plaintiff, C.J. Schilling was driving his 2006 white Toyota pick up truck in a safe and prudent manner in the right outside lane behind a semi going about 65 - 70 mph in Guadalupe County, New Mexico obeying the speed limit and traffic laws.

17.     When the semi began to slow and move into the left lane of I-40, Mr. Schilling also began slowing down and moving into the left lane of traffic, when he suddenly and unexpectedly impacted the Defendants' semi tractor trailer barely moving on the freeway. He recalls a tire flying in the air before everything went dark.

18.     Coincidentally, State Police Officer Eiland received the radio dispatch for the subject accident. When he arrived at the scene Officer Eiland immediately recognized the Defendant Julio Garcia Gonzales and the subject 2003 Freightliner semi tractor trailer, as the driver and rig he had encountered earlier. Officer Eiland was assisted at the accident scene by NM State Police Officer Abel Mireles.

19.     Defendant Julio Garcia Gonzales told officer Mireles that he had experienced a flat tire on his trailer, an officer had come to the scene and told him that help would arrive in thirty minutes but help never came, so when it started getting dark, he decided to drive to a safer place in the right lane, with his flashers on at about 5 miles per hour.

20.     Defendant Julio Garcia Gonzales admitted he was driving in the right lane of traffic with his flashers on at approximately 5 mph when the crash occurred.

21.     The subject accident occurred at mile marker 359.2 on eastbound Interstate 40, so Defendants' subject semi tractor trailer had been driven illegally on the highway for about 7 tenths of a mile before the accident.

22.     After thoroughly investigating the accident, the New Mexico State Police placed all fault for the accident on Defendants and issued Defendant Julio Garcia Gonzales traffic citations for Defective Tire and Careless Driving, because he was driving the semi on the freeway unlawfully, with a damaged tire and at an unlawfully dangerously slow speed.

23.     The New Mexico State Police found no contributing fault or adverse driving by the Plaintiff, C.J. Schilling for the accident.

24.     After colliding with the left rear of the Defendants' semi trailer, Plaintiff's pick up truck spun around, rolled over and came to rest upside down. The Plaintiff was knocked unconscious and was left hanging upside down.

25.     This court has subject matter jurisdiction over this accident and controversy and personal jurisdiction over the Defendants pursuant to the New Mexico Long Arm Statute NMSA § 38-1-16 (1971).

26.     Defendant ORBIS Insurance Company (ORBIS) is a foreign insurance company doing business throughout the State of New Mexico and the County of Guadalupe and is otherwise subject to the jurisdiction of this Court pursuant to *Raskob v. Sanchez and Allstate Ins. Co.,* 126 N.M. 394 (1998), and § 38-3-1(F) NMSA 1978 (2005).

### COUNT I
### NEGLIGENCE, NEGLIGENCE PER SE AND RECKLESS, WILLFUL, WANTON CONDUCT AGAINST DEFENDANT JULIO GARCIA GONZALES

27.     Plaintiff re-alleges paragraphs 1 through 26 of this complaint and incorporates them herein as though set forth in full.

28.     Defendant owed every operator of a vehicle on the roadway, including Plaintiff, a duty to exercise ordinary care at all time to prevent an accident and breached that duty.

29.     Defendant Gonzales owed every operator of a vehicle on the roadway, including Plaintiff, a duty to keep a proper lookout and to maintain proper control of his vehicle so as to avoid placing others in danger, and to prevent an accident and breached that duty.

30.     The subject collision was the  result of Defendant Gonzales':

a.     failure to use ordinary care in the operation of his semi tractor trailer ;

b.     failure to give his full time and attention to the operation of his vehicle;

c.     failure to follow State of New Mexico Department of Transportation Rules and Regulations in the operation of his vehicle;

d.     failure to follow other New Mexico Traffic laws; and/or

e.     failure to otherwise operate his vehicle in a reasonable and safe fashion.

31.     The actions and inactions of Defendant Gonzales as described herein, constitute negligent and/or intentional, wilful, wanton or reckless conduct .

32.     Defendant Gonzales was negligent *per se*, including but not limited to his violations of NMSA §66-7-337 (failure to use due care), NMSA §66-8-114 (careless driving), NMSA §66-7-3 (required obedience to traffic laws); NMSA §66-7-308 (drive on right side of roadway); NMSA §66-8-113 (reckless driving), and other state or county statutes or ordinances.

33.     Defendant Gonzales' negligence, negligence  *per se*, and/or intentional, willful, wanton, or reckless conduct was a cause of the subject accident and Plaintiff Schilling's personal injuries, damage and loss, including but not limited to: concussion, closed head injuries, sprains and

strains to his body, medical expenses, loss of his ability to enjoy life and participate in hobbies and recreational activities, pain and suffering, discomfort and inconvenience and other damages.

34.     Punitive damages are reasonable and proper under these circumstances because of the Defendant Gonzales' intentional, willful, wanton or reckless conduct of refusing a tow truck because it cost too much and instead rigging up the trailer axle with the flat tire and intentionally driving the subject disabled semi tractor trailer at such an unsafe slow speed of approximately 5 mph on a freeway with a posted speed limit of 75mph and minimum speed of 40mph.

WHEREFORE Plaintiff C. J. Schilling prays for an order of the Court giving Judgement against Defendant Julio Garcia Gonzales in an amount reasonable to compensate Plaintiff for his injuries, damages and losses; for general and special damages found to be owing by the Court; for punitive damages; for the costs of this litigation; for pre and post judgment interest; and for such other and further relief that the Court deems just and reasonable.

## COUNT II
### DIRECT NEGLIGENCE AND RESPONDEAT SUPERIOR AS TO DEFENDANTS CARLOS RODRIQUEZ Garcia GUEZ GARCIA AND  CROT TRUCKING INC.

35.     Plaintiff re-alleges paragraphs 1 through 34 of this complaint and incorporates them herein as though set forth in full.

36.     The subject  2003 Freightliner semi tractor trailer, Florida  license plate # TEMP vin # 1FUHJA6CG93LK34579 involved in the accident/collision which is the subject of this lawsuit was at all times material was owned and operated by Defendants Carlos Rodriguez Garcia and CROT Trucking Inc.

37.     Defendant Julio Garcia Gonzales was an employee of the Defendants Carlos Rodriguez Garcia and CROT Trucking Inc., and was acting within the scope of his employment at all times material to this complaint.

38.     Defendants Carlos Rodriguez Garcia and CROT Trucking Inc., instructed, authorized, ratified or otherwise approved of their employee Defendant Gonzales' conduct of refusing a tow truck because it cost too much money and instead rigging up the axle of the trailer with the flat tire, and driving the subject disabled semi tractor trailer at an unsafe slow speed of approximately 5 mph on a freeway with a posted speed limit of 75mph and minimum speed of 40mph.

39.     Under New Mexico law and the circumstances of this case, Defendants Carlos Rodriguez Garcia and CROT Trucking Inc., as the owner and operator of the  semi tractor trailer involved in the subject accident/collision and as the employer of Defendant Julio Garcia Gonzales are vicariously liable for any wrongful act, conduct, action, inaction or admission of its employee, Julio Garcia Gonzales.

WHEREFORE Plaintiff prays for an order of the Court giving Judgement against Defendants Carlos Rodriguez Garcia and CROT Trucking Inc.,  jointly and severally with Defendant Julio Garcia Gonzales  in an amount reasonable to compensate Plaintiff for his injuries, damages and losses; for general and special damages found to be owing by the Court; for punitive damages; for the costs of this litigation; for pre and post judgment interest; and for such other and further relief that the Court deems just.

## COUNT III:
## NEGLIGENCE AND NEGLIGENCE PER SE
## AGAINST DEFENDANT ORBIS INSURANCE

40.     Plaintiff re-alleges paragraphs 1 through 39 of this Complaint and incorporate them herein.

41.     At all times material hereto, Defendants Carlos Rodriguez Garcia and/or CROT Trucking Inc., and/or  Julio Garcia Gonzales had in place and effect liability insurance through ORBIS which was mandated by New Mexico State Law and New Mexico DOT.

42.     Defendant ORBIS bears legal responsibility for the negligence or fault of Defendants Carlos Rodriguez Garcia,  CROT Trucking Inc. and  Julio Garcia Gonzales, as set forth above, and owes Plaintiff a duty as an insured claimant under New Mexico law.

43.     Defendant ORBIS  breached that duty.

44.     Defendant ORBIS's breach of its duty was a cause of  Plaintiff C. J. Schilling's personal injuries, damage, and loss, including but not limited to: concussion, closed head injury, sprains, strains and bruising to his body, medical expenses, loss of his ability to enjoy life and participate in hobbies and recreational activities, pain and suffering, discomfort and inconvenience and other damages.

WHEREFORE, Plaintiff C.J. Schilling prays for an Order of the Court giving judgment against Defendant ORBIS Insurance Company  in an amount reasonable to compensate Plaintiff for his injuries, damages and losses; for general and special damages found to be owing by the Court; for punitive damages; for the costs of this litigation; for pre and post judgment interest; and for such other and further relief that the Court deems just.

Respectfully submitted;

WILL FERGUSON & ASSOCIATES

ROBERT C. GUTIERREZ
*Attorney for Plaintiff*
10090 Coors Blvd NW Ste A
Albuquerque, NM 87110
Phone: (505)243-5566
Fax: (505)897-2279